IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sherrick S. Halsey, | ) | C/A No. 0:11-702-TLW-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| John R. Pate, | ) | |
| Respondent. | ) | |

Sherrick S. Halsey ("Halsey"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 22.) Halsey filed a response in opposition to the respondent's motion and later supplemented his response. (ECF Nos. 29 & 30.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted.

**BACKGROUND**

Halsey was indicted in June 2001 in Chester County for armed robbery (01-GS-12-265) and first-degree burglary (01-GS-12-266). (App. at 285-88, ECF No. 23-3 at 70-73.) Halsey was represented by Yale Zamore, Esquire, and on August 29, 2001 through August 30, 2001 was tried by a jury and found guilty as charged. (App. at 175, ECF No. 23-2 at 68.) The circuit court sentenced Halsey to twenty years' imprisonment for each of the two charges, both sentences to be served concurrently. (App. at 184, ECF No. 23-2 at 77.)

Halsey timely appealed and was represented by Daniel T. Stacey, Esquire, of the South Carolina Office of Appellate Defense, who filed an final brief on Halsey's behalf that raised the

following issue: "Whether the court erred when it failed to hold a hearing outside the jury's presence on eye-witness identification?" (ECF No. 23-5 at 4.) By order filed December 19, 2002, the South Carolina Court of Appeals affirmed Halsey's conviction and sentence. (State v. Halsey, Op. No. 2002-UP-793 (S.C. Ct. App. Dec. 19, 2002); ECF No. 23-7.)

On July 16, 2003, Halsey filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following issues:

1. Ineffective Assistance of Counsel—attorney failed to follow up on evidence and witnesses provided for my defense.

2. Lack of Trial preparation—failed to keep me informed as to status of case.

(Halsey v. State of South Carolina, 03-CP-12-286; App. at 188-94, ECF No. 23-2 at 81-87.) The State filed a return. (App. at 195-98, ECF No.23-2 at 88-91.) On February 26, 2009, the PCR court held an evidentiary hearing at which Halsey appeared and testified and was represented by M. Rita Metts, Esquire. (App. at 199-275, ECF No. 23-2 at 92 through ECF No. 23-3 at 60.) The PCR court also heard testimony from Curtrina Keener,[1] one of the victims, who recanted her trial testimony. The court held the record open to hear testimony from Janiece Boyce and held a second hearing on March 18, 2008. Boyce was not present at the hearing and the PCR court granted the State's motion to close the record. By order filed December 7, 2008, the PCR judge denied and dismissed with prejudice Halsey's PCR application. (App. at 276-84, ECF No. 23-3 at 61-69.)

In his PCR appeal, Halsey was represented by Joseph Savitz, III, Esquire, of the South Carolina Commission of Indigent Defense, who filed a petition for a writ of certiorari on August 4, 2009 that presented the following issue: "Petitioner did not receive effective assistance of counsel at trial where counsel allowed him to appear dressed in his orange county jail jumpsuit." (ECF No.

---

[1] The court observes that the record contains various spellings of Kenner's first name, including "Curteira" and "Curteria."

23-12 at 3.) The State filed a return. (ECF No. 23-13.) In a letter order filed November 5, 2010, the South Carolina Supreme Court denied Halsey's petition. (ECF No. 23-14.) The remittitur was issued on November 23, 2010. (ECF No. 23-15.)

## FEDERAL HABEAS ISSUES

In Halsey's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:** In[]effective assistance of Counsel
> **Supporting Facts:** Irreconcil[]able conflict of interest a complete breakdown in communication. Failure to call and interview alibi wit[]nesses as well as failure to interview victims in the case. Failure to object to my wearing of county jail jump suit to trial. After discovered evidence.

**Ground Two:** Failure to call and interview alibi witnesses as well as failure to interview victims in case.
> **Supporting Facts:** The affidavits [from Janiece Boyce and Natasha Page] show[] clearly there were alibi witnesses. And the PCR transcrip[t] shows the victim never would have testified against me had my trial counsel interviewed her or at least let it be known she wasn't sure of the identification.

**Ground Three:** Failure to object to [] the wearing of a county jail jumpsuit to trial
> **Supporting Facts:** The damage was done after the wearing of jail jumpsuit to trial the first day. Painting a picture of guilt which could lead the jury to draw unfavorable inferences. It was clearly not a trial strategy. So it was inherently unfair being my civilian clothing was on hand since April 11[,] 2001 in my county jail property and giving to me the second day of tr[ia]l after refusing to be transported unless giving my civilian clothing after being forced the first day in which I told counsel about.

**Ground Four:** After discovered evidence
> **Supporting Facts:** PCR Transcrip[t] shows had the victim been interviewed by trial counsel these facts would have changed the outcome of the tr[ia]l or maybe even stopped one from going forth. Ms. Keener was state[']s chief witness in which the state relied on her testimony in chief to secure my conviction. This same victim/witness testified at my P.C.R. hearing and

> stated she never was sure of the robber[']s i[]dentification and would not have come to court without a subpoena being she had already expressed that information but yet felt press[u]red to testify diff[er]ent.

(Pet., ECF No. 1 at 5) (citations omitted).[2]

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

---

[2] The court observes that Halsey's supporting facts for Ground One also include the issues he raises in Grounds Two through Four. Therefore, the court is considering "Ground One" to allege that counsel was ineffective based on an irreconcilable conflict of interest and a complete breakdown in communication and will address the remaining allegations with Grounds Two through Four.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.     **Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover,

state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911

(4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

    **1.     Procedural Bar**

The respondent argues that Grounds One, Two, and Four should be dismissed because Halsey failed to present these claims to the South Carolina appellate courts in his PCR appeal. In Grounds One and Two, Halsey alleges that counsel was ineffective (1) based on an irreconcilable conflict of interest and a complete breakdown in communication; (2) in failing to call and interview alibi witnesses; and (3) in failing to interview the victims. In Ground Four, it appears that Halsey is

attempting to raise a freestanding claim of after discovered evidence based on the testimony of one of the victims, Keener, at the PCR hearing where she purportedly recanted her trial testimony.[3] None of these issues were presented to the PCR appellate court. Accordingly, Halsey has not fairly presented any a these grounds to the South Carolina appellate courts and they are barred from federal habeas review. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, these claims would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Halsey attempted to raise them now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

Therefore, these issues are procedurally barred unless Halsey can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). In response, Halsey argues that these grounds were not properly exhausted because PCR counsel or PCR appellate counsel failed to raise these claims. However, this allegation is insufficient to demonstrate cause. "[T]here is no constitutional right to an attorney in state

---

[3] To the extent that Halsey intended this ground to be another allegation of ineffective assistance of counsel, it is subsumed in Ground Two's allegation that counsel failed to interview the victims.

post-conviction proceedings." Coleman, 501 U.S. at 752. Accordingly, there can be no right to effective assistance of counsel where there is no constitutional right to counsel. Wainright v. Torna, 455 U.S. 586 (1982). Since there is no right to effective assistance of counsel in state PCR proceedings, ineffective assistance of PCR appellate counsel cannot serve as cause for Halsey's default. Coleman, 501 U.S. at 753-55; see also Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (stating that the failure of a petitioner's PCR counsel to preserve grounds for appeal cannot constitute cause); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir.1992) ("Ineffectiveness of counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated.").

Halsey also appears to argue that a fundamental miscarriage of justice will occur because if counsel had communicated with him, he could have aided in the defense. He further argues that interviewing the alibi witnesses and the victims may have provided information for impeachment or cast doubt on the victims' testimony. (ECF No. 29 at 13-14; see also ECF No. 29 at 17-19, 25-27.) A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). The court finds that Halsey's speculative argument fails to meet this standard and that Halsey has failed to demonstrate that based on any new reliable evidence it is more likely than not that no reasonable juror would have

found him guilty.[4]  See Schlup, 513 U.S. at 327-29.  Finally, Halsey appears to challenge the constitutionality, fairness, and adequacy of the procedural default rule as applied by the state court and possibly in federal court.  The court finds this argument to be wholly without support.  Accordingly, the court cannot excuse Halsey's procedural default and concludes that Grounds One, Two, and Four are procedurally barred.

### 2. Ground Three

A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of

---

[4] To the extent that Halsey relies on the testimony of Keener during the PCR hearing, recanting portions of her trial court testimony, the court observes that the PCR court found Keener's "perjured testimony at the PCR hearing was not convincing." (App. at 283, ECF No. 23-3 at 68.) As discussed below, Halsey has failed to demonstrate that this determination was without support. Moreover, Keener was not the only victim who testified at Halsey's trial. To the extent that Halsey relies on two "affidavits" presented for the first time to this court to establish a purported alibi, the court finds that the timing of the submission of these documents and the likely credibility of these alibis renders the reliability of these "affidavits" questionable in connection with the evidence presented at trial. (See ECF No. 29-3); see also Schulp, 513 U.S. at 331-32.

his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state

court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

In Ground Three, Halsey argues that the PCR court should have determined that trial counsel was ineffective in failing to object to his wearing a county jail jumpsuit during the first day of trial. Halsey argues that by wearing a jumpsuit in front of the jury, he was denied a fair trial. He further appears to object to the portion of counsel's opening statement to the jury concerning Halsey's jumpsuit.

During opening statements, trial counsel stated

> Now I apologize to you for Mr. Halsey's manner of dress. Given the severity of these charges, I'm sure you're not all surprised that he is a guest of our county jail and that is his jail jumpsuit. Unfortunately, he didn't have better clothing to dress out in, and so I would ask you to please excuse his appearance because he cannot help that. The fact that he is in our county jail and charge of course does not mean that he is guilty, but on the other hand, given the severity of these charges, you can understand why he is still a guest at the facility.

(App. at 57, ECF No. 23-1 at 61.) At the PCR hearing, trial counsel testified that he did not specifically recall the reason Halsey was wearing a jumpsuit the first day of the trial. He stated that this may have been the case where he complained before the hearing about the defendant arriving in a jumpsuit and when the defendant's clothes were brought, they were unfit for court. (App. at 251-52, 268, ECF No. 23-3 at 36-37, 53.) Trial counsel testified that he is "very fastidious" about wanting his clients in civilian clothing in court, was certain that he would have complained in Halsey's case, and that he believed the jail or somebody from the state's side furnished Halsey with clothing for the second day of trial. (App. at 251-52, 268-69, ECF No. 23-3 at 36-37, 53-54.) Trial counsel also stated that he included the statements in his opening arguments to "neutralize the effects" of Halsey's appearance before the jury. (App. at 253, ECF No. 23-3 at 38.)

In rejecting Halsey's claim, the PCR court found as follows:

> This Court finds that counsel was not ineffective for failing to object to the Applicant's clothing on the first day of trial. Counsel was able to find clothes for him on the second day of trial. This Court also does not find counsel ineffective for his statement to the jury about his jumpsuit. This Court agrees with counsel that this was a curative explanation to the jury. This Court denies and dismisses this allegation.

(App. at 282, ECF No. 23-3 at 67.)  The PCR court further found that Halsey failed to demonstrate prejudice from any of counsel's alleged deficiencies in light of the overwhelming evidence against Halsey.  Specifically, the PCR court observed that

> Curteria Keener testified that the Applicant identified himself at the door as "Sherrick."  She also testified that she was "positive" that the Applicant had the gun.  Her perjured testimony at the PCR hearing was not convincing. The second victim testified that he went to school with the Applicant and identified the assailant as the Applicant.  He also gave the Applicant's name to law enforcement.

(App. at 283, ECF No. 23-3 at 68) (internal citations omitted).

While an accused cannot be compelled to go to trial in prison or jail clothing, see Estelle v. Williams, 425 U.S. 501 (1976), the issue in this case is whether the state court's determination that counsel was not ineffective in failing to object to Halsey appearing in his jail clothing on the first day of trial and in his comments to the jury in his opening argument was an unreasonable application of Strickland.  Upon thorough review of the entire record and the parties' arguments, the court finds that even if Halsey could establish that the PCR court unreasonably misapplied the first prong of Strickland—by showing that trial counsel was deficient in failing to object and in his comments to the jury—Halsey cannot demonstrate the second prong of Strickland:  that there is a reasonable probability that, but for counsel's unprofessional errors, the verdict would have been different. See, e.g., Whitman v. Bartow, 434 F.3d 968, 972 (7th Cir. 2006) (rejecting an ineffective assistance of counsel claim, where a petitioner failed to show prejudice because "[t]he evidence of Whitman's guilt was overwhelming, and his attire was not an outcome determinative factor in the jury's decision");

Hill v. Mitchell, 400 F.3d 308, 320-321 (6th Cir. 2005) (holding that a petitioner was not entitled to habeas relief based on an ineffective assistance of counsel claim even though he appeared at trial in prison clothing where there was strong evidence of guilt and the petitioner failed to show prejudice). At trial, testimony was presented from the two police officers who responded to the armed robbery call and the two victims. Halsey did not present a defense. As observed by the PCR court, the two victims positively identified Halsey as the assailant at trial.[5] Accordingly, the court finds that Halsey cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in determining that trial counsel was not ineffective or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1); see also Harrington, 131 S. Ct. at 788; Strickland, 466 U.S. at 687.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 22) be granted and Halsey's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 29, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] Although one of the victims recanted her trial testimony at the PCR hearing, the PCR court found that her PCR testimony was perjured and not convincing, and Halsey has not clearly shown that the PCR court's credibility determinations were without support. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).